## MABRA v STATE ex SETTLES

Ohio Appeals, 2nd Dist, Clark Co

No 357.   Decided Dec 20, 1935

William A. Bilikam, Jr., Springfield, for plaintiff in error.

George W. Daniels, Springfield, for defendant in error.

## OPINION

By HORNBECK, J.

We have very serious doubts if the overruling of the motion is a judgment or final order, but inasmuch as it is not directly challenged, we determine the question upon the merits.

The claimed error requires an interpretation of §12111 GC.

"EXAMINATION OF THE COMPLAINANT. On the return of the warrant, the justice or judge shall examine the complainant, under oath, in the presence of the accused, respecting the cause of her complaint. The accused shall be permitted to also ask her, when under oath, any question he may think necessary for his defense."

It is urged by counsel for Mabra that proper interpretation of the language quoted, "any question he may think necessary for his defense," requires the court to permit the accused all the latitude in interrogation of the complainant which in the judgment of the accused and his counsel is necessary for his defense.

We do not believe that the section requires so broad an interpretation. We have examined the questions propounded, which the examining judge refused to permit to be answered, and are satisfied that the answer to no one of them would have produced any probative evidence whatever. The proper interpretation of the statute is that the accused shall be permitted to ask the complainant any question which, within the rules of evidence is competent, relevant or material to the complaint of the prosecuting witness or which, under such rules may have any tendency to establish a defense. Upon this interpretation we find that no substantial right of Mabra was invaded or denied. But if it be granted that the statute means all contended for by Mabra he has suffered no prejudice whatever by reason of the action of the Common Pleas Judge in overruling his motion to remand the cause to the Municipal Court for further preliminary hearing.

The entry may be prepared in accord with this opinion and exceptions may be noted, if desired, by counsel for plaintiff in error.

BARNES, PJ, and BODEY, J, concur.